**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRES GUILLERMO DAVILA MIRANDA,** | : | **CIVIL ACTION NO. 1:26-CV-3195** |
| **Petitioner** | : | **(Judge Neary)** |
| **v.** | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a motion for Temporary Restraining Order ("TRO") from the petitioner, Andres Gullermo Davila Miranda. (Doc. 3). While the document's title indicates Davila Miranda seeks a TRO, the court notes that it also requests oral argument and an expedited hearing— both hallmarks of a preliminary injunction, and awkward fits with a TRO, which is an *ex parte* matter. Therefore, the court construes the motion as requesting *both* a TRO and a preliminary injunction. As explained below, the court will deny the TRO without prejudice and order an expedited hearing and briefing on a potential preliminary injunction.

A TRO is an extraordinary remedy which should issue only in limited circumstances. See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). The same standard governs requests for preliminary injunctions as well as temporary restraining orders. See One Three Five, Inc. v. City of Pittsburgh, 951 F. Supp. 2d 788, 807 (W.D. Pa. 2013) (quoting Trefelner *ex rel.* Trefelner v. Burrell Sch. Dist., 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009)). A TRO is

controlled by Federal Rule of Civil Procedure 65(b). Rule 65(b) contemplates issuing a TRO without notice to the non-moving party, and where the request is to issue without notice, Rule 65(b) requires specific showings:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

As a threshold matter, the court considers if the petitioner has met the requirements for a TRO to issue without notice. He has not. While the court can construe the declaration from Davila Miranda's attorney, Atheeb Khateeb Esq. (Doc. 1-2) attached to the petition for habeas corpus as satisfying the requirements of Rule 65(b)(1)(A), Davila Miranda has not submitted anything that would satisfy Rule 65(b)(1)(B). Without such a showing, the court cannot grant the motion, and so the court does not need to analyze the TRO factors at this time, and will deny the motion without prejudice.

However, because the court construes the motion as also requesting a preliminary injunction, the court will schedule a call with the parties to determine if an evidentiary hearing, oral argument, or briefing on specific issues is necessary for the court to rule upon the motion for preliminary injunction.

An appropriate order follows.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 4, 2026.